IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **DAVID LEE DAVENPORT** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | |
| § | CIVIL ACTION NO. **5:22-cv-00012** |
| **PLEASANT OAKS LANDFILL TX, LP** § | |
| **AND ALLIED WASTE LANDFILL** § | |
| **HOLDINGS, INC.** § | |
| § | |
| **Defendants.** § | **JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** David Lee Davenport, hereinafter called Plaintiff, complaining of and about Pleasant Oaks Landfill TX, LP and Allied Waste Landfill Holdings, Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

**A. PARTIES AND SERVICE**

1. Plaintiff, David Lee Davenport, is an Individual whose address is 414 Whitaker St., Bullard, Texas 75757.

2. The last three numbers of David Lee Davenport's driver's license number are 638. The last three numbers of David Lee Davenport's social security number are 202.

3. Defendant Pleasant Oaks Landfill TX, LP, a Nonresident Limited Partnership, may be served with process by serving the registered agent of said limited partnership, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, its registered office. Service of said Defendant as described above can be effected by personal delivery or US certified mail, return receipt requested.

4. Defendant Allied Waste Landfill Holdings, Inc., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, its registered office. Service of said Defendant as described above can be effected by personal delivery or US certified mail, return receipt requested.

### B. JURISDICTION AND VENUE

5. The Court has jurisdiction over this case based upon diversity of citizenship. The parties are citizens of different states and are completely diverse. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

6. Venue is proper in the Eastern District of Texas, Texarkana Division, because a substantial part of the events or omissions giving rise to the claim occurred in Mt. Pleasant, Titus County, Texas.

7. This court has jurisdiction over Defendant Pleasant Oaks Landfill TX, LP, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Pleasant Oaks Landfill TX, LP will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Furthermore, Plaintiff would show that Defendant Pleasant Oaks Landfill TX, LP engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

9. This court has jurisdiction over Defendant Allied Waste Landfill Holdings, Inc.,

because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Allied Waste Landfill Holdings, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Furthermore, Plaintiff would show that Defendant Allied Waste Landfill Holdings, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

### C. FACTS

11. On or about March 5, 2021, David Lee Davenport was working for EEES Energy Solutions, LLC. Mr. Davenport, along with another EEES employee named Stephen Severn, were making a delivery of trash to Defendants' landfill located in in Mt. Pleasant, Titus County, Texas.

12. Mr. Severn travelled to the Defendants' landfill in a truck transporting a large metal trash bin. The trash bin was filled with trash. Mr. Davenport was a passenger in the truck with Mr. Severn. Their job was to empty the trash at the Defendants' landfill site.

13. The rear of the trash container had a swinging latch and a safety chain. After the truck came to a stop at the landfill, Mr. Davenport went to the rear of the trash bin to remove the latch so the trash could be emptied. Because of the weight of the trash pushing against the back of the bin, however, Mr. Davenport was unable to release the safety chain. His last memory was pressing on the rear gate or door of the trash bin in an effort to relieve the pressure on the safety chain so he could remove the chain and open the gate/door to the trash bin.

14. Defendants' employee, whose name is currently unknown, was driving a bulldozer at the landfill near where Mr. Severn stopped the truck. Defendants' employee approached the trash bin from the rear with the bulldozer he was operating. Defendants' employee then unexpectedly and with no warning whatsoever rammed the back of the trash bin with the front of the bulldozer. This action caused the heavy metal handle on the trash bin to swing and hit Mr. Davenport on his head.

15. Mr. Davenport was thrown to the ground by the force of the handle hitting him in the head. His hardhat was knocked off, and Mr. Davenport was knocked unconscious.

16. Mr. Davenport was later taken for medical evaluation for his injuries. He was diagnosed with a left subarachnoid hemorrhage that eventually progressed into a left temporoparietal cortical contusion. Mr. Davenport suffered traumatic brain injuries along with other bodily injuries.

### D. PLAINTIFF'S CLAIM OF NEGLIGENCE AND RESPONDEAT SUPERIOR

17. Defendants' employee who was operating the bulldozer had a duty not to injure Plaintiff by slamming his bulldozer into the trash bin. Plaintiff's injuries were proximately caused by Defendants' employee's negligent, careless and reckless disregard of said duty.

18. The negligent, careless and reckless disregard of duty of Defendants' employee consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendants' employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendants' employee failed to keep such distance away from Plaintiff's body as a person using ordinary prudent care would have done; and

    C. In that Defendants' employee did not warn Plaintiff that he was about to

slam the rear of the trash bin with a bulldozer.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendants' employee was within the course and scope of employment for Defendants.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendants' employee was engaged in the furtherance of Defendants' business.

21. At the time of the occurrence of the act in question and immediately prior thereto, Defendants' employee was engaged in accomplishing a task for which he was employed.

22. Plaintiff invokes the doctrine of Respondeat Superior as against Defendants. Furthermore, Plaintiff pleads that Allied Waste Landfill Holdings, Inc. is the general partner of Pleasant Oaks Landfill TX, LP. Accordingly, Allied Waste Landfill Holdings, Inc. and Pleasant Oaks Landfill TX, LP are both liable for the acts and omission of the employee who was driving the bulldozer.

23. In addition, Defendants have a duty under Texas law to exercise reasonable care in the selection, training, supervision, and retention of its managers and employees, all of whom were charged with ensuring the public's safety when it comes to operating heavy machinery such as bulldozers. Plaintiff will show that Defendants were negligent in the hiring, training, supervising, and/or retention of its managers and employees and that such negligence was a direct and proximate cause of Plaintiffs' injuries and damages in this case. For example, Defendants failed to have and/or enforce policies that would have prohibited Defendants' employee from ramming the rear of trash bin Plaintiff was standing next to with a bulldozer.

**DAMAGES FOR PLAINTIFF, DAVID LEE DAVENPORT**

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, David Lee Davenport was caused to suffer a brain injury and other serious bodily injuries,

and to incur the following damages:

    A.    Reasonable medical care and expenses in the past;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Loss of mental function;

    J.    Mental anguish in the past;

    K.    Mental anguish in the future; and

    L.    Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, David Lee Davenport, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Gregory S. Porter
Texas Bar No. 24002785
Email: greg@dobbsporterlaw.com
David E. Dobbs
Texas Bar No. 05913700
Email: david@dobbsporterlaw.com
**DOBBS & PORTER, PLLC**
3311 Woods Blvd
Tyler, TX 75707
Tel. (903) 600-4878
Fax. (903) 595-1999

**ATTORNEYS FOR PLAINTIFF
DAVID LEE DAVENPORT**